## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| 3081 MAIN STREET, LLC, d/b/a NEW ENGLAND WINE & SPIRITS, on behalf of itself and all others similarly situated, <br>     Plaintiff, <br><br>     v. <br><br> BUSINESS OWNERS LIAB. TEAM LLC, d/b/a BOLT INS. AGENCY, <br>     Defendant. | No. 3:11-cv-1320 (SRU) |

## RULING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND MOTION FOR A STAY

Plaintiff 3081 Main Street, LLC ("plaintiff") brought this putative class action against defendant Business Owners Liability Team LLC ("defendant") alleging violations of the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act ("JFPA"), 47 U.S.C. § 227, and Conn. Gen. Stat. § 52-570c.  Before the court are plaintiff's motions for class certification and for a stay of the motion for class certification (doc. # 14).  As explained more fully below, plaintiff's motion for class certification is premature, and is therefore denied without prejudice to renewal following discovery.  Consequently, the motion for a stay is denied as moot.

"In determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of Rule 23(a) of numerosity, commonality, typicality, and adequacy."  *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 201-02 (2d Cir. 2008).  A court "may then consider granting class certification where it 'finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available

methods for fairly and efficiently adjudicating the controversy.'" *Id.* at 202 (quoting Fed. R. Civ. P. 23(b)(3)).

Class certification is appropriate "only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (internal quotation omitted). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

Here, such "rigorous analysis" is impracticable, at least on the current record, because plaintiff filed its motion for class certification prior to any discovery. Plaintiff in fact concedes that more discovery is needed for certification, and requests a stay of its own motion until discovery is complete. This unusual request was apparently prompted by concerns that, absent a motion for class certification pending on the docket, defendant will make an offer of settlement affording the plaintiff full relief, which would potentially render the class action moot. That was the result reached in a recent decision by the Seventh Circuit. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III.").

I need not pass upon the merits of the *Damasco* decision; suffice it to say that the Second Circuit has never adopted such a rule and at least four other circuits have reached the opposite conclusion. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081,1091-92 (9th Cir. 2011) ("[W]e hold that an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does

not moot a class action."); *see also Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir. 2011); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004). I will, however, credit plaintiff's own representation that more discovery is needed on factual issues related to class certification. The interests of both parties, as well as the interests of the court, are best served by deferring a determination on class certification until that process is complete.

That being said, there is nothing to be gained by formally staying plaintiff's current, underdeveloped motion while the court awaits the filing of a later, fully-developed motion. An order denying certification, much like an order granting certification, is "inherently tentative" and the court "remains free to modify it in light of subsequent developments in the litigation." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 160 (1982); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants *or denies* class certification may be altered or amended before final judgment.") (emphasis added). Therefore, plaintiff's motion for class certification is denied without prejudice to renewal after discovery. The motion to stay is denied as moot.

It is so ordered.

Dated at Bridgeport, Connecticut this 24th day of September 2012.


/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge